# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CR420-021 |
| BRENDELL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Government has moved for leave to appear at defendant's initial appearance and arraignment telephonically. *See* doc. 9. The Government's request, understandably, seeks to accommodate the uncertain and rapidly evolving circumstances created by the coronavirus pandemic.[1] *Id.* Although the Court is sensitive to those issues and recognizes that telephonic appearances by counsel may, eventually, be warranted, the motion is **DENIED** at this time. Doc. 9.

---

[1] The Government's brief suggests the benefit of its presence at such proceedings is "minimal." Doc. 9 at 2. The Court appreciates that this assessment may be intended to express the Government's position that the benefit of its presence is minimal, relative to the benefit, indeed the necessity, of defendant's presence. Nevertheless, the Court cannot pass over such a comment in silence. The presence of a representative of the entity prosecuting the defendant can hardly be construed as of "minimal" benefit. The Sixth Amendment guarantees the publicity of criminal proceedings. Such publicity implies that the Government cannot prosecute cases *in absentia* any more than a defendant can be prosecuted *in absentia*.

The principal obstacle to the Government's request is the lack of any authority authorizing telephonic appearance. The Federal Rules of Criminal Procedure do not contemplate appearance by telephone. *See* Fed. R. Crim. P. 5 (Initial Appearance), 10 (Arraignment). They do, however, expressly contemplate conducting those proceedings via video teleconference, subject to a defendant's consent. Fed. R. Crim. P. 5(f), 10(c). There can be little doubt that the drafters were aware that the technology for non-video telephone conferences existed, and, nevertheless, declined to include telephony in the rules. That suggests, at the very least, that video teleconferences are preferable to audio-only teleconferences. As explained below, there is some hope that the use of video conferences for purposes of **defendants'** presence at hearings of this type may reduce the risks of in-person appearances without venturing beyond the express provisions of the Rules. Until the means provided in the Rules are exhausted, however, the Court is loath to exceed them. While the option of permitting counsel to appear by phone in the current situation may seem like a "no-brainer" to some, the reality is far more nuanced. The balance between public health considerations and Constitutional obligations is delicate and fluid. Phrased more bluntly, as the facts change,

so too could the Court's analysis.

In order to accommodate the extraordinary circumstances of the pandemic, the Court has undertaken to investigate the feasibility and logistics of conducting such proceedings via video teleconference. At this time, plans are in place in this Division to permit criminal defendants to appear for their initial appearances and arraignments by teleconference, either from the Court's detention facilities or from the facilities where they are otherwise detained. Given those procedures, and the fact that the courtroom will accommodate counsel and court staff's observance of "social distancing" recommendations, *i.e.* maintaining a six-foot distance from others at all times, the risk created by counsels' in-person appearance at the hearing seems limited.

Given the more limited, and rule-sanctioned, procedures the Court has already undertaken, the Government's request to appear telephonically is, at least, premature. The Court recognizes that *any* in-person appearance creates *some* risk of exposure. At this time, however, that minimal additional risk is overbalanced by the lack of any specific authority for such a procedure. That balance may change, however, as the circumstances created by the pandemic evolve. Neither the Government

nor defense counsel should interpret this denial as the Court's definitive disposition of the question. If circumstances change, the Court welcomes suggested procedures for minimizing the risk of disease transmission while protecting the parties' rights.

Finally, given the Rules' express contemplation of video conferencing, the Court would encourage the Government to confer with members of the defense bar to investigate alternatives that would allow *counsel* to appear by video conference. As discussed above, the Court has taken steps to provide means for defendants to appear remotely. The Court is not in a position, however, to provide such alternatives for counsel. The Court would be receptive, however, if the Government is able to propose a video system whereby all parties could appear from remote locations.

**SO ORDERED,** this 20th day of March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA